BRENT (BLODGET v.). See Case No. 1,553.

---

## Case No. 1,836.

### BRENT v. BRASHEARS.

[2 Cranch, C. C. 59.][1]

Circuit Court, District of Columbia. Nov. Term, 1812.

BAIL—JUSTIFICATION.

The marshal may justify appearance-bail at the second term after exception taken at the rules. Quaere?

The writ was returnable to November term, 1811. The plaintiff excepted to the ap-

---

¹ [Reported by Hon. William Cranch, Chief Judge.]

¹ [Reported by Hon. William Cranch, Chief Judge.]

pearance-bail at the first rules in January, 1812. At April rules there was a common order against the defendant and bail. At May rules the office judgment was confirmed. No motion was made at July term, 1812, for judgment against the marshal, but nil debet was joined for the surety. At this term, (November, 1812,) the marshal offers to justify the bail.

Mr. Ramsey and Mr. W. Herbert objected; contending that the marshal is fixed, because all questions as to the sufficiency of bail are to be decided by the court at the first term after exception taken. Virginia Law, Dec. 12, 1792, p. 78, § 27.

Mr. N. Herbert, and Mr. Taylor, for the defendant. There can be no judgment against the marshal, until the court has decided the bail to be insufficient. The plaintiff must follow up his exception, in the office, by a motion to the court at the next succeeding term.

THE COURT (THRUSTON, Circuit Judge, absent) was of opinion, that the marshal might now justify the bail if he would; but doubted whether he was now bound to do so, the plaintiff having omitted to have the question of sufficiency decided at the last term.

NOTE [from original report]. Mr. E J. Lee afterward showed the court a letter from Judge Lyons, dated August 12th, 1800, in which he says: "The plaintiff has a right to object to the sufficiency of the bail in the office, and the clerk had no right to determine it; nor can he admit an appearance in such cases, without the consent of the plaintiff; neither should the court inquire into it, unless the defendant moves to set aside the judgment obtained in the office at the next succeeding term. Such has been the practice, and I think the law warrants it."